IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TOMAS NEGRON-SALGADO

    Plaintiffs,

v.

COMMISSIONER OF SOCIAL SECURITY

    Defendants.

**Civil No. 10-1458(SEC)**

**OPINION and ORDER**

This is an action brought under § 205(g) of the Social Security Act. 42 U.S.C. §405(g). Plaintiff Tomas Negron-Salgado seeks review of the Social Security Commissioner's (the "Commissioner") denial of his application for disability benefits. Docket # 1. Negron-Salgado filed a legal memorandum supporting his request (Docket # 9), and the Commissioner followed suit a month later (Docket # 11). After reviewing the filings and the applicable law, the Commissioner's decision denying Negron-Salgado's disability benefits is **AFFIRMED**.

**Procedural Background**

On March 1, 2006, Negron-Salgado filed an application for disability benefits, claiming that a cardiac arrest suffered in 2006, and the resulting heart surgery, precluded him from working. Docket # 9, p. 3. Negron-Salgado's application and a subsequent reconsideration were denied. Tr., pgs. 130-131, 133-135, 138-140. Negron-Salgado then requested a hearing before an administrative law judge ("ALJ"), which was held on April 22, 2008. Tr., p. 23. Two months later, after *de novo* review, the ALJ issued a decision, finding Negron-Salgado capable of performing his previous job as a fruit and vegetable vendor, and thus denying his application.

**CIVIL NO. 10-1458(SEC)**                                                                                              Page 2

Tr., pgs. 13-22.[1] The Appeals Council denied Negron-Salgado's request for review; this appeal then followed. Docket #1.

**Standard of Review**

The scope of this Court's judicial review of the Commissioner's final decision is limited both by statute and case law. See 42 U.S.C. §405(g). Section 405(g) provides that the findings of the Commissioner "as to any fact, if supported by substantial evidence, shall be conclusive...." In Richardson v. Perales, 402 U.S. 389, 401 (1971), the United States Supreme Court defined "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See also Tsarelka v. Secretary of H.H.S., 842 F. 2d 529, 534 (1st Cir. 1987); Chaparro v. Massanari, 190 F. Supp. 2d 260, 262 (D.P.R. 2002). Moreover, the First Circuit has directed district courts within this Circuit to uphold the Commissioner's "findings... if a reasonable mind, reviewing the evidence as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Secretary of H.H.S., 955 F.2d 765, 769 (1st Cir. 1991). Accordingly, even if the record could justify a different conclusion, the Commissioner's findings must be affirmed if supported by substantial evidence. Evangelista v. Secretary of H.H.S., 826 F.2d 136, 144 (1st Cir. 1987). That is, absent a legal or factual error in the evaluation of a claim, the Commissioner's denial of disability benefits stands. Sullivan v. Hudson, 490 U.S. 877, 885 (1989); Seavey v. Barnhart, 276 F.3d 1, 15 (1st Cir. 2001); Manso-Pizarro v. Secretary of H.H.S., 76 F.3d 15, 16 (1st Cir. 1996).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he is generally disabled or unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

---

[1] Negron-Salgado sold his merchandise out of a large van. Tr., pgs. 28-29. He would drive around neighborhoods in Trujillo Alto, stopping the van whenever someone wanted to make a purchase. Id.

or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A); see also Bowen v. Yuckert, 482 U.S. 137, 146-47, n.5 (1987). Further, disability benefits are proper if a claimant's impairment or combination of impairments can be deemed "severe." Id. at § 423(d)(2)(A); see also, Muñoz v.Secretary of H.H.S., 788 F.2d 822, 823 (1st Cir.1986). But, again, the claimant bears the burden of producing evidence to support his claim. Bowen, 782 U.S. at 146-47.

**Factual Background**

*Negron-Salgado's Relevant Medical History*

Over a year after his heart surgery, Negron-Salgado underwent a consultative psychiatric evaluation. Tr., pgs. 80-81. There Negron-Salgado informed that he had undergone heart surgery due to a myocardial infarction. Id. He also stated having attempted a return to work after the heart surgery, but that fatigue when bending over and on exertion forced him to cease his efforts. Id. Further, Negron-Salgado stated that he had begun to feel anxious, restless, tearful, depressed, angry, and frustrated. Id.

On examination, the psychiatrist remarked that Negron-Salgado's thought content was logical, coherent, and relevant. Id. Negron-Salgado was alert and well-groomed; his attention was described as diminished, but his concentration, intellectual capacity, social judgment, and insight were adequate. Id. The psychiatrist diagnosed Negron-Salgado with a moderate major depression with anxiety. Id.

A month later, a Disability Determination Services Medical Consultant reviewed Negron-Salgado's medical record to assess the severity of his mental impairment. Tr., pgs. 300-315. The consultant indicated that Negron-Salgado had a depressive disorder with an anxious mood. Id. Nonetheless, the consultant determined that Negron-Salgado had a mild restriction in activities of daily living; a mild difficulty maintaining social functioning; a mild difficulty

**CIVIL NO. 10-1458(SEC)**                                                                                             Page 4

in maintaining concentration, persistence, or pace; and no episodes of decompensation. Id.[2] For these reasons, the consultant concluded that Negron-Salgado's depressive disorder was not severe. Id.

Negron-Salgado also received psychiatric treatment once a month in May, June, August, October, and November of 2007. Tr., pgs. 84-85, 91-98. In each appointment, Negron-Salgado was cooperative, alert, and oriented. Id. His thought processes were logical, coherent, and relevant, and his insight and judgment were adequate. Id. Sleep, appetite, and libido were also reported as adequate. Id. Moreover, Negron-Salgado never conveyed suicidal thoughts. Id. As a result, Negron-Salgado's condition was routinely classified as stable, and he was treated with medication. Id.

In an undated referral sheet completed by Wanda Ivette Arias, Ph.D., Negron-Salgado was referred to a cardiologist. Tr., p. 86. Dr. Arias wrote that Negron-Salgado presented fears and defeatist thoughts regarding sexual activity with his wife. Id. Dr. Arias recommended that Negron-Salgado clarify his concerns regarding his cardiac condition in order to take advantage of individual and couples psychotherapy. Id. Dr. Arias diagnosed Negron-Salgado with a major depression and assigned a Global Assessment of Functioning score of 58. Id.[3]

*The ALJ Decision*

After examining the case's record, the ALJ concluded that Negron-Salgado had a severe impairment caused by a hypertensive cardiovascular disease, but that his depressive disorder was not severe. Tr., pgs. 15-22. Moreover, the ALJ concluded that Negron-Salgado's

---

[2] In psychiatry, decompensation is defined as "failure of defense mechanisms resulting in progressive personality disintegration." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, 432 (28th ed.1994).

[3] This score corresponds to moderate symptoms, according with the American Psychiatric Association's DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS, 34 (4th ed. Rev. 2000).

impairments could be reasonably expected to produce the symptoms alleged, but that Negron-Salgado's statements concerning the intensity, duration, and limiting effect of his symptoms were not entirely credible. Id. at 20-21. The ALJ then determined that Negron-Salgado retained a residual functional capacity to perform up to medium work, and he could sit, stand, and walk for up to six hours in an eight-hour workday. Id. at 18. Based on this, the ALJ determined that Negron-Salgado was not disabled, and that he could return to his previous job as a fruit and vegetable vendor. Id. at 21.

**Applicable Law and Analysis**

Negron-Salgado first objects to the assessment of his mental impairment by the ALJ. Docket # 9, p. 2. A severe impairment is defined as one which significantly limits an individual's ability to do basic work activities. 20 C.F.R. § 404.1520(c). Therefore, impairments having only a minimal effect on basic work activities are not severe. Muñoz, 788 F.2d at 823. When evaluating the severity of a mental impairment, an ALJ employs a four-pronged functional test. § 404.1520a. Specifically, once it is established that a medically determinable mental impairment exists, an ALJ must measure a claimant's degree of functional limitation in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. § 404.1520a(c)(3). If the degree of limitation in the first three areas is "none" or "mild," and the degree of limitation in the fourth area is "none," the mental impairment will generally be deemed not severe. § 404.1520a(d)(1).

In this case, with respect to the first area of the functional test (activities of daily living), the ALJ adopted the assessment made by the Disability Determination Services Medical Consultant who examined Negron-Salgado, finding that he had a mild limitation in this area. Tr., pgs. 17-18. As the ALJ noted, Negron-Salgado stated during an administrative hearing that he cares for his personal needs, takes the garbage out, picks up leaves in the yard, waters the

**CIVIL NO. 10-1458(SEC)**                                                                                              Page 6

plants, and cleans using the water hose. Id. at 21, 37, 66. He also shops for groceries with his wife, watches television daily, visits his parents, son, and grandson at least twice a month, and attends church on Sundays. Id. at 21, 37, 38, 39, 68. Accordingly, the Court is satisfied that substantial evidence supports the ALJ's finding that Negron-Salgado had only a mild limitation in activities of daily living.

In the next area of the functional test (social functioning), the ALJ found that Negron-Salgado also had a mild limitation. Tr., pgs. 17-18. The ALJ noted that Negron-Salgado maintains relationships with his parents, son, and grandson, and visits them on a regular basis. Id. at 21, 39, 68. Moreover, during the administrative proceedings, Negron-Salgado testified that he has no problems getting along with family, friends, neighbors, or others. Id. at 69. Indeed, all the doctors who interacted with Negron-Salgado during the administrative process noted that he was consistently cooperative. Id. at 81, 84, 91, 93, 95, 97. The record therefore also contains substantial evidence supporting the ALJ conclusion that Negron-Salgado's impairment presented only a mild limitation to his social functioning.

Concerning the functional test's third area (concentration, persistence, or pace), the ALJ noted that at the administrative hearing Negron-Salgado answered the questions posed in a logical, coherent, and responsive manner, and that Negron-Salgado demonstrated normal intelligence and good contact with reality. Tr., p. 21. In addition, the ALJ remarked that the doctors who examined Negron-Salgado found him alert and oriented, and that they felt that his thought processes were logical, coherent, and relevant. Id. at 17, 84, 91, 93, 95, 97. Negron-Salgado's insight and judgment were also rated as adequate. Id.  This evidence provides substantial support to the ALJ's conclusion that Negron-Salgado had a mild limitation in concentration, persistence, or pace.

**CIVIL NO. 10-1458(SEC)**                                                                                          Page 7

Finally, in the last area of the functional test, the ALJ found that Negron-Salgado had suffered no episodes of decompensation. Tr., pgs. 17-18. In fact, while the record shows that Negron-Salgado received mental health treatment on a monthly basis from May 2007 through November 2007, the record is devoid of any evidence showing that he experienced any episodes of decompensation. On the contrary, his doctors repeatedly noted that Negron-Salgado's condition was stable with medication. Tr., pgs. 84-85, 92, 94, 96-97. And an impairment that can be controlled by treatment is not disabling. Tsarelka, 842 F.2d at 534 ("Implicit in a finding of disability is a determination that existing treatment alternatives would not restore a claimant's ability to work.").

Based on the foregoing, the Court is satisfied that substantial evidence of record supports the ALJ's finding that Negron-Salgado's affective disorder with depressed and anxious mood was not a severe impairment. Negron-Salgado demonstrated only mild limitations in activities of daily living, social functioning, as well as concentration, persistence, or pace; and he never experienced any episodes of decompensation. These symptoms correspond with the ALJ's finding; therefore, no error exists on this ground.

Negron-Salgado next challenges the ALJ's assessment of his credibility, arguing that the ALJ failed to "conclude or consider credibility." Docket # 9, p. 4. The record, however, proves Negron-Salgado's contentions wrong. In his decision, the ALJ cited the standard applicable to assess complaints such as Negron-Salgado's. Tr., p. 19. Under this standard, when evidence shows the presence of a medically determinable impairment that could reasonably be expected to produce subjective symptoms, an ALJ must determine the extent to which such symptoms affect the claimant's capacity to perform basic work activities. 20 C.F.R. § 404.1529(c) (1).

In these situations, a claimant's complaints of pain must be analyzed under any of the

**CIVIL NO. 10-1458(SEC)**                                                                 Page 8

following factors: (1) the nature, location, onset, duration, frequency, radiation and intensity of any pain; (2) any precipitating and aggravating factors; (3) the type, dosage, effectiveness and adverse side-effects of any pain medication; (4) any treatment, other than medication for relief of pain; (5) any functional restrictions; and (6) the plaintiff's daily activities. Id.; see also Avery v. Secretary of H.H.S., 797 F.2d 19, 29 (1st Cir. 1986). Moreover, an ALJ must consider whether the claimant's complaints are consistent with the objective medical evidence and other evidence in the record. 20 C.F.R. § 404.1529(a).

Here, despite Negron-Salgado's allegations to the contrary, a review of the ALJ's decision shows that the complaints at issue were analyzed in accordance with the factors listed above. For example, the ALJ noted Negron-Salgado's symptoms of persistent chest pain, fatigue, and weakness. Tr., p. 20. But he observed that these symptoms were well controlled by medication, without adverse side effects. Id. Moreover, although Negron-Salgado's pharmacology treatment was complemented by a recommendation to perform walking exercises, Negron-Salgado conceded that he never walked as recommended. Id. at 20-21, 33-34. The ALJ also noted that Negron-Salgado reported daily activities— taking the garbage out, picking up leaves in his yard, watering the plants, visiting his parents and grandson, shopping with his wife, and attending church— were inconsistent with his complaints. Id. at 20-21, 37-39. Similarly, Negron-Salgado did not appear acutely distressed at the different evaluations and interviews he had during the administrative proceess, and he remained able to care for his personal needs. Id. at 20-21, 65-66).

As to Negron-Salgado's complaints regarding his mental impairment, the ALJ acknowledged the remarks about feeling sad, tense, and forgetful. Id. at 20-21. The ALJ went on to note, however, that Negron-Salgado described his symptoms and answered the questions posed to him in a logical, coherent, and relevant manner. Id. Negron-Salgado also provided an

**CIVIL NO. 10-1458(SEC)**                                                                                                    Page 9

adequate chronology of his medical and vocational history; he did not appear acutely distressed, and demonstrated normal intelligence and good contact with reality. Id.

Negron-Salgado's complaints were likewise inconsistent with the treatment notes that described him as alert and oriented, with logical, coherent, and relevant thought processes. Id. at 17, 82, 84, 91, 93, 95, 97. His insight and judgment were also rated as adequate and, while a consulting psychiatrist described Negron-Salgado's attention as diminished, he stated that Negron-Salgado's concentration, intellectual capacity, social judgment, and insight were adequate. Id. Based on this evidence, the Court is satisfied that the record properly supports the ALJ's evaluation of Negron-Salgado's credibility. Accordingly, Negron-Salgado's challenge to the ALJ's credibility assessment also fails.

**Conclusion**

For the foregoing reasons, the Commissioner's denial of Negron-Salgado's application for disability benefits is **AFFIRMED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of May, 2011.

> s/ *Salvador E. Casellas*
> SALVADOR E. CASELLAS
> Senior U.S. District Judge